IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY L. MARTIN,                          )
                                            )
            Plaintiff,                      )
                                            )
                                            )   Civil Action No. 21-1204
      vs.                                   )
                                            )
KILOLO KIJAKAZI,                            )
*Acting Commissioner of Social Security*,   )
                                            )
            Defendant.

ORDER

AND NOW, this 20th day of October 2022, upon consideration of Defendant's Motion

for Summary Judgment (Doc. No. 16) filed in the above-captioned matter on February 14, 2022,

IT IS HEREBY ORDERED that the Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

14) filed in the above-captioned matter on January 14, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED.  Accordingly, this

matter is hereby remanded for further administrative proceedings pursuant to sentence four of 42

U.S.C. § 405(g).

## I.      Background

Plaintiff applied for disability insurance benefits ("DIB") pursuant to Title II of the Social

Security Act ("Act"), 42 U.S.C. § 401, *et seq.*, and supplemental security income ("SSI")

pursuant to Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*, on August 6, 2019, and therein

alleged disability as of October 1, 2017.  (R. 16).  He later amended the alleged date of disability

onset to October 1, 2018.  (*Id.*).  After being denied initially and upon reconsideration, Plaintiff

sought a hearing before an Administrative Law Judge ("ALJ").  (*Id.*).  The ALJ found Plaintiff to

be not disabled and denied his applications on April 26, 2021.  (R. 27—28).  Plaintiff sought

1

review before the Appeals Council, but the Appeals Council found no reason to review the ALJ's decision.  (R. 1).  Accordingly, the ALJ's decision became the Social Security Administration's ("SSA") final decision.  20 C.F.R. §§ 404.981, 416.1481.  Before the Court, Plaintiff has raised two challenges to that decision.

## II.    Standard of Review

The Court "ha[s] plenary review of all legal issues" and reviews findings of fact "to determine whether they are supported by substantial evidence." *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152—54 (2019).  The substantial evidence threshold is "not high." *Biestek*, 139 S. Ct. at 1154.  It is oft described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted).  The standard does not allow for a reviewing court "to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) ("We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently.").  And, pursuant to this standard, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

ALJs assess disability with a five-step evaluation.  20 C.F.R. §§ 404.1520, 416.920. Pursuant thereto, an ALJ considers "in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D.

Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. §§ 404.1520(a)(4)(i)—(v), 416.920(a)(4)(i)—(v).  To assess a claimant's capacity for returning to past relevant work or adjusting to other work at steps four and five, the ALJ must first find the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1545(a), 416.945(a).  Once an ALJ has formulated a claimant's RFC, he or she can assess whether the RFC permits return to past relevant work ("PRW").  *Id.* §§ 404.1545(a)(5)(i), 416.945(a)(5)(i).  PRW is "work experience . . . done within the last 15 years, [that] lasted long enough for the claimant to learn to do it, and was substantial gainful activity."  *Arroyo v. Comm'r of Soc. Sec.*, 82 Fed. Appx. 765, 768 (3d Cir. 2003) (citing 20 C.F.R. § 404.1565(a)).  If a claimant cannot return to PRW, an ALJ will consider whether his or her RFC, age, education, and work experience would permit adjustment to other work, *i.e.*, work that "exists in the national economy . . . in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country."  20 C.F.R. §§ 404.1566(a), 416.966(a).  A claimant who can neither return to PRW nor adjust to other sufficiently available work will be found to be disabled under the Act.  *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (citation omitted).

### III.    The ALJ's Decision

The ALJ in this matter determined that Plaintiff met the insured status requirements for DIB benefits under the Act through June 30, 2019.  (R. 18).  Next, she determined that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date (October 1, 2018) except for having worked and generated sufficient income to constitute substantial gainful activity in the fourth quarter of 2018.  (R. 18—19).  For Plaintiff's severe, medically determinable impairments, the ALJ found the following: "degenerative disc disease of the lumbar spine, lumbar stenosis L5-S1, and chronic pain syndrome."  (R. 19).  Several other

medically determinable impairments were found to be non-severe, including Plaintiff's "liver conditions, gastroesophageal reflux disease (GERD), depression, adjustment disorder, and alcohol use disorder." (*Id.*). At step three, the ALJ determined that Plaintiff had no impairments or combination thereof that met or equaled the criteria for one of the presumptively disabling impairments in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 21).

Having decided step three of the five-step evaluation not in Plaintiff's favor, the ALJ moved on to formulate the RFC. Considering Plaintiff's allegations, his medical records, and medical opinion evidence, the ALJ found that Plaintiff could work a reduced range of light work with limitation to lifting only "twenty pounds occasionally" and "ten pounds frequently;" "[s]tanding and walking for about six hours and sitting" as many as "six hours" in a standard, eight-hour workday; occasionally climbing ramps, stairs, ladders, ropes, and scaffolds; performing "other postural maneuvers" only frequently; and "avoid[ing] concentrated exposure to extreme cold, wetness, humidity, and vibrations." (R. 22). Having found this RFC, the ALJ set out to assess whether it would permit Plaintiff's return to his PRW. (R. 27).

To determine Plaintiff's PRW, the ALJ considered jobs Plaintiff had done within the preceding fifteen years for sufficient time to learn such work that appeared to meet the definition of substantial gainful activity. (*Id.*). Using these criteria, the ALJ found that Plaintiff's PRW included office helper, accounting clerk, and customer service representative ("CSR"). (*Id.*). The ALJ explained that Plaintiff had "earned substantial gainful activity level income" for these jobs and that this work was "full-time work that [he] performed for enough years such that he learned the job." (*Id.*). Relying on expertise offered by a vocational expert ("VE") who testified at Plaintiff's hearing, the ALJ determined that Plaintiff's RFC would permit his return to this

PRW.  (*Id.*).  Accordingly, the ALJ found Plaintiff to be not disabled and denied his DIB and SSI applications.  (R. 27—28).

IV.    **Legal Analysis**

Plaintiff has alleged there are two critical errors in the ALJ's analysis.  First, he argues that the ALJ incorrectly determined his PRW because she failed to explain how his work as an accounting clerk or CSR constituted substantial gainful activity and further failed to explain how the evidence supported finding Plaintiff had worked as an accounting clerk or CSR long enough to learn how to do those jobs.  Second, Plaintiff argues that the ALJ failed to fulfill her obligation to discuss the findings of the ALJ who had adjudicated Plaintiff's prior DIB application.  That ALJ—D. Randall Frye ("ALJ Frye")—had limited Plaintiff to "no lifting greater than ten pounds with the right upper extremity."  (R. 61).  Having considered these arguments, the Court has determined that—combined—they justify remand.  The ALJ ought to have considered ALJ Frye's findings.  Her failure to do so might have been found to be harmless due to Plaintiff's ability to return to his purported past work as an accounting clerk even with ALJ Frye's more significant lifting limitation.  However, the Court is also dissatisfied with the ALJ's explanation for finding that Plaintiff worked as an accounting clerk long enough for that job to be considered PRW.  Accordingly, the Court will order this matter remanded for further consideration of Plaintiff's PRW and, if necessary, other findings such as Plaintiff's RFC.

The Court first addresses Plaintiff's argument that the ALJ ought to have at least briefly addressed ALJ Frye's findings in her analysis of evidence relevant to the RFC.  The Court finds that the ALJ should have indicated that she considered ALJ Frye's RFC finding as part of her consideration of the relevant evidence in this matter.  The significance of a prior ALJ's findings to a subsequent ALJ's disability determination has often come up when claimants argue that the

former ought to have some "preclusive effect" on the latter. *Krokus v. Colvin*, No. CIV.A. 13-389, 2014 WL 31360, at *1 n.1 (W.D. Pa. Jan. 2, 2014). This Court and other district courts within the Third Circuit have taken the position that "*res judicata* does not bind a subsequent ALJ to findings and decisions of an earlier ALJ when a claimant seeks benefits during a subsequent period of time." *Zavilla v. Astrue*, No. CIV.A. 09-133, 2009 WL 3364853, at *13 (W.D. Pa. Oct. 16, 2009). However, this Court has also repeatedly indicated that a prior ALJ's decision remains relevant to a subsequent ALJ's determination of disability. *Krokus*, 2014 WL 31360, at *1 n.1 ("The earlier findings are relevant, of course, but lack preclusive effect."); *Babyak v. Berryhill*, 385 F. Supp. 3d 426, 430 (W.D. Pa. 2019).

In this matter the ALJ discussed the evidence relevant to Plaintiff's alleged limitations during the relevant period (October 1, 2018 through the date last insured/date of decision) but made no mention of ALJ Frye's February 2018 decision (R. 22—27) wherein ALJ Frye assessed Plaintiff's alleged disability from July 2015 to September 2017. (R. 67). Given the closeness in time of the relevant periods for these decisions, it would be difficult to say that the prior decision was irrelevant to this most recent determination of Plaintiff's RFC. Defendant argues that it was not necessary for the ALJ to address ALJ Frye's RFC finding for several reasons, including that agency policy directs a *de novo* determination of disability for new applications; decisions supporting Plaintiff's argument, like *Babyak*, are premised upon a now outdated regulatory definition of evidence; and that the ALJ adequately supported the RFC finding as it appears in the decision by citing, *inter alia*, evidence of Plaintiff's full strength. The Court has considered these arguments, but ultimately finds that the ALJ's failure to acknowledge ALJ Frye's RFC finding amounted to a failure to consider all the relevant evidence in Plaintiff's record. *See Krokus*, 2014 WL 31360, at *1 n.1; *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citing

*King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)) ("Since it is apparent that the ALJ cannot reject

evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why

probative evidence has been rejected is required so that a reviewing court can determine whether

the reasons for rejection were improper.").

It is unlikely that this error alone would have justified remand, as Plaintiff has conceded

that the addition of ALJ Frye's limitation to his RFC would not have affected his ability to work

as an accounting clerk or CSR.  (Doc. No. 15, pg. 13 n.6).  The VE testified to that effect at

Plaintiff's hearing, explaining that even with the limitation to "not be[ing] able to lift and carry

more than 10 pounds with the right upper extremity," Plaintiff would still be able to return to

work in those two jobs.  (R. 51).  Thus, were there no doubts concerning the ALJ's PRW

determination, it appears that Plaintiff would have been unable to show how the RFC

determination error "adversely affected" him.  *Thomas v. Saul*, No. CV 20-612, 2021 WL

3563390, at *1 n.2 (W.D. Pa. Aug. 12, 2021) (citing *Holloman v. Comm'r Soc. Sec.*, 639 Fed.

Appx. 810, 814 (3d Cir. 2016)).  This, however, brings the Court to Plaintiff's argument that the

ALJ failed to satisfactorily explain how Plaintiff's work as an accounting clerk or CSR could be

found to be PRW.  Because Defendant has conceded that Plaintiff did not work long enough as a

CSR for that work to be PRW (Doc. No. 17, pg. 8 n.6), the Court's focus herein is Plaintiff's

work as an accounting clerk.

There are three defining characteristics of PRW: (1) it is work the claimant did within the

past fifteen years,[1] (2) that constituted SGA and (3) "lasted long enough for [the claimant] to

learn to do it."  20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).  SGA "involves doing significant

---

[1]     Plaintiff has not challenged the ALJ's finding that this work fell within the fifteen-year
window for PRW.

physical or mental activities," and "is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* §§ 404.1572(a)—(b), 416.972(a)—(b).  Earnings from work activity are therefore an important consideration in the determination of whether past work constituted SGA.  *Id.* §§ 404.1574(a)(1), 416.974(a)(1) ("Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity.").  For the durational requirement, courts consider an occupation's specific vocational preparation ("SVP") level. Appx. C, Dictionary of Occupational Titles ("DOT"), https://occupationalinfo.org/appendxc_1.html (last visited October 17, 2022).  An occupation's SVP "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  *Id.*  Accounting clerk (DOT 216.482-010) has an SVP 5, which corresponds to "[o]ver 6 months up to and including 1 year" to learn the job.  *Id.*

Plaintiff has argued that his work as an accounting clerk failed to generate sufficient income to be considered SGA and that he did not perform such work long enough to learn the job.[2]  While the Court finds that the ALJ cited sufficient evidence to support finding that Plaintiff's work as an accounting clerk constituted SGA, the Court cannot find that there is substantial evidence to support a finding that Plaintiff worked over six months in that role.  In

---

[2]      Plaintiff also argued that the regulatory definition of PRW demands a specific analysis and that the ALJ's brief review of the requirements and evidence was legally inadequate pursuant to Section 404.1560(b)(1).  (Doc. No. 18, pg. 1).  While the Court herein finds the ALJ's PRW assessment to be inadequately explained, the Court rejects any argument for a "particular language or . . . particular format" requirement for an ALJ's assessment of PRW. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).  The Court is not looking for indicia that the ALJ abided by a rigid "SGA-level analysis" (Doc. No. 18, pg. 1), but reviews the ALJ's decision to determine whether her finding that Plaintiff's work as an accounting clerk was PRW is "substantially supported by the evidence in the record" and explained in such a way as "permit[s] meaningful review."  *Thomas v. Comm'r of Soc. Sec. Admin*., 625 F.3d 798, 800 (3d Cir. 2010).

her assessment of Plaintiff's PRW, the ALJ first acknowledged the requirements of PRW and then found that Plaintiff's work "was substantial gainful activity under the definition in use at the time of performance and was full-time work *that the claimant performed for enough years such that he learned the job*." (R. 27) (emphasis added). To support her finding that Plaintiff's work constituted SGA, she cited Exhibits C3D, C10D, C4E, C11E, and C15E. (*Id.*). In those exhibits, Plaintiff indicated that he worked as an accounting clerk for "Office Team" from 2017 to 2018 for forty hours/week at $15.00/hour (R. 365, 367). He further indicated he worked as an accounting clerk for "Mack Truck Sales" from May 2018 to June 2018. (R. 365, 369). This was also a forty hours/week job, and it paid $16.00/hour. (R. 369).[3]

The evidence cited by the ALJ does not facially confirm that Plaintiff worked as an accounting clerk for over six months, *i.e.*, the minimum amount of time to learn an SVP 5 job. To defend the ALJ's decision, Defendant has calculated Plaintiff's time as an accounting clerk by first estimating his monthly income using a four-week month and dividing Plaintiff's actual earnings by that figure to determine how many months he worked. (Doc. No. 17, pgs. 9—10). Pursuant to her calculations, Defendant has suggested that Plaintiff worked as an accounting clerk for 6.061 months. (Doc. No. 17, pg. 10). However, the Court finds that the evidence also supports finding that Plaintiff worked fewer than six months as an accounting clerk. Plaintiff reported earning $15/hour at Office Team/Robert Half with total earnings of $4,852.00 in 2017 and $6,976.15 in 2018. (R. 280, 365, 367). He earned $16/hour at Mack Truck Sales for total

---

[3]     The Court is satisfied that this evidence shows SGA. According to this evidence, in a month such as January 2018—when Plaintiff indicated he was working forty hours/week for $15/hour—Plaintiff would likely have worked around twenty-two days and earned $2,640. This was over the threshold for SGA income which, in 2017 and 2018, was $1,170 and $1,180 respectively. *Substantial Gainful Activity,* SSA, http://www.ssa.gov/oact/cola/sga.html (last visited October 14, 2022).

earnings of $2,936.80 in 2018.  (R. 280, 365, 369).  Using his total earnings and hourly pay, it appears he worked approximately 788.54 hours (4,852.00 + 6,976.15 = 11,828.15/15 = 788.54) for Office Team/Robert Half and 183.55 hours (2,936.80/16 = 183.55) for Mack Truck Sales for a total of 972.09 working hours (788.54 + 183.55 = 972.09) as an accounting clerk.  Using Plaintiff's alleged eight-hour days, he would have worked 121.51 days (972.09/8 = 121.51) or 24.30 five-day workweeks (121.51/5 = 24.30).  Using the average number of weeks in a month (4.3), Plaintiff's time as an accounting clerk totals 5.65 months (24.30/4.3 = 5.65).

The presence of evidence in Plaintiff's record that supports a finding that Plaintiff worked fewer than six months as an accounting clerk would not necessarily undermine a finding that Plaintiff worked more than six months in that job.  *See Malloy*, 306 Fed. Appx. at 764.  But when the record supports differing conclusions, it is imperative that the ALJ explain how she arrived at her decision.  *See Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (explaining that an ALJ's decision must be judged according to the analysis provided by the agency and not by resorting to *post hoc* rationalizations).  In this case, the ALJ glossed over this durational issue with a statement that appears to be inaccurate as to the accounting clerk job no matter what calculation of time is employed: that Plaintiff had worked for "enough years" to learn the job.  (R. 27).  The Court requires a more thorough explanation for the ALJ's finding of duration, particularly in this case where Plaintiff's work as an accounting clerk is, at best, barely over the durational threshold to be counted among his PRW.

V.    **Conclusion**

Based on the foregoing, the Court has determined that the ALJ's decision cannot be found to be supported by substantial evidence.  Accordingly, the Court will order remand in this

matter for further consideration of Plaintiff's PRW and whatever other issues arise on remand that are relevant to a determination of Plaintiff's disability or lack thereof.

<u>s/ Alan N. Bloch</u>
United States District Judge

ecf:    Counsel of Record